STATE OF NEBRASKA, EX REL. ALFRED BARTOW, V. O. K. EASTMAN ET AL.

FILED JANUARY 9, 1896.   No. 8114.

1. **Elections:** RETURNS: DUTY OF CANVASSERS.   The tally list required to be sent to the county clerk is a part of the election returns, and is proper to be considered by the canvassing officers, and where there is a discrepancy between the certificate of the election board and tally list as to the vote cast for any person, it is for the canvassers to determine which correctly states the vote, after making comparisons with the list of those purporting to have voted, and they should make the abstract of the vote and declare the result accordingly.

ORIGINAL application for *mandamus* to compel the respondents to reconvene as a board of canvassers and recanvass the votes cast in Dawes county, at the last general election, for the office of judge of the fifteenth judicial district of Nebraska.   *Writ denied.*

No briefs filed.

*J. R. Webster, D. B. Jenckes,* and *A. W. Crites,* for relator.

*J. R. Gilkeson, contra.*

NORVAL, J.

This is a proceeding by *mandamus,* commenced in this court, to compel the respondents, the board of canvassers of Dawes county, to reconvene and recanvass the votes

cast at the election held in said county on November 5, 1895, for the office of judge of the fifteenth judicial district. The relator, Alfred Bartow, and W. H. Westover and others were voted for at said election for said office. The returns have been canvassed by the respondents, and it is conceded by the relator that the abstract was correctly made except as to his own vote in one of the two voting districts in Chadron precinct, in said county, from which district the canvassers credited him with 262 votes. In this district a discrepancy appears on the face of the returns between the certificate of votes cast for relator and the tally list. The certificate reads "two hundred and sixty-seven, 227" The tally list, in form "卌卌," etc., which counted shows 262 votes for Bartow. It is argued that not only does the certificate govern, but that the number written out in full should prevail over the figures. In *State v. McFadden*, 46 Neb., 668, it was held that the tally list was as much a part of the election returns as the certificate signed by the proper officers, and where a discrepancy exists between them, it is for the canvassing board to determine, after making comparisons with the list of persons purporting to have voted, which part of the returns correctly states the vote cast for a particular person and to count the vote accordingly. That decision is decisive of the case at bar. There is a discrepancy between the written number in the certificate and the figures therein of 40 votes, and the respondents corrected the returns and computed the votes according to the tally list, as they were fully justified by the entire returns in doing. The writ is denied.

WRIT DENIED.